UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LATOYA HODGE,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 14-11276<br>Honorable Laurie J. Michelson<br>Magistrate Judge David R. Grand |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [12], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11]**

This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation (Dkt. 12) that Plaintiff Latoya Hodge's Motion for Summary Judgment (Dkt. 10) be denied and Defendant Commissioner of Social Security's Motion for Summary Judgment (Dkt. 11) be granted. Hodge timely filed objections (Dkt. 13) and the Commissioner responded (Dkt. 15). For the reasons set forth below, the Court will overrule the objections and adopt the Report.

**I.  BACKGROUND**

Plaintiff Latoya Hodge sought disability insurance benefits and supplemental social security income based on a pinched nerve in her back, which caused pain, muscle spasms, and numbness, with an alleged onset date of February 26, 2011. Her application was initially denied, and so she requested a hearing before an Administrative Law Judge. (Tr. 74–91.) After the hearing, the ALJ issued a decision finding that Hodge was not disabled. (Tr. 16–30.) After the Appeals Council denied review (Tr. 1–6), Hodge filed suit in this Court seeking review of the

ALJ's decision. (Dkt. 1.) The matter was referred to the magistrate judge for a report and recommendation, which he issued on March 30, 2015. (Dkt. 12.)

On May 20, 2015, after Plaintiff objected to the Report (Dkt. 13), this case was temporarily transferred to a three-judge panel to consider the Commissioner's request for a 60-day stay due to pending disciplinary proceedings involving Plaintiff's attorneys. *See* Administrative Order 15-AO-033. On October 19, 2015, the case was transferred back to the undersigned district judge for further proceedings. *See* Administrative Order 15-AO-045. The Court understands that shortly thereafter, Hodge should have received a letter informing her that the law firm of Davidson, Breen, Doud, Steele & Ferguson, P.C. would no longer represent her in this case and that she had until December 30, 2015 to obtain new counsel or proceed without an attorney. For their part, attorneys James Smith and Andrew Ferguson from the Doud firm filed a notice consenting to an order of withdrawal and to substitution of counsel on January 26, 2016. (Dkt. 20.)

Because no one had entered an appearance on Plaintiff's behalf by the December 30, 2015 deadline, on January 13, 2016, the Court entered a case management order giving the parties the opportunity to revise and refile their cross-motions for summary judgment or proceed on their original motions. (Dkt. 19.) The Court further provided, "If no new motions are filed, the Court may review the Report and Recommendation based on the previously filed objections." (*Id.*) No new motions have been filed, and the Court has not otherwise heard from Plaintiff. Accordingly, the Court will review the Report and Recommendation based on Plaintiff's previously filed objections and the Commissioner's response to those objections.

## II.  STANDARD OF REVIEW

This Court performs a de novo review of those portions of Magistrate Judge Grand's Report and Recommendation to which the Commissioner has objected. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-cv-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Arn*, 474 U.S. at 149–52)).

"This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotation marks omitted); *see also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (explaining that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Under this standard, the Court affirms the ALJ's decision if it is supported by substantial evidence even if the evidence could support a different conclusion. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

## III. ANALYSIS

In completing the five-step analysis, the ALJ found that Hodge met the insured status requirements through March 31, 2011; had not engaged in substantial gainful activity since the

alleged disability onset date; had severe impairments of degenerative disc disease of the lumbar spine and obesity; and did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (Tr. at 21–22.) The ALJ found that Hodge had the residual functional capacity to perform light work with some restrictions relating to postural activities and climbing. (Tr. at 22.) The ALJ then found that Hodge was capable of performing past relevant work as a telephone solicitor, and in the alternative, found that Hodge could perform other jobs existing in the national economy.

Hodge's objections relate to the RFC assessment and the Step Five finding. First, she takes issue with the ALJ's findings regarding her credibility. Second, she says that one of the ALJ's hypothetical questions to the vocational expert had "no substantial evidentiary basis in the record." (Obj. at 6.)

### A. Credibility Assessment

Hodge first objects to the ALJ's credibility assessment. The ALJ concluded, "There is some question as to the claimant's credibility with regard to the issue of her alleged functional limitations due to various inconsistencies in the record." (Tr. at 23.) Specifically, the ALJ cited Hodge's ability to work as a part-time telephone representative after the alleged disability onset date, her self-reported daily activities, and her physical therapist's notes suspecting that Hodge exaggerated her pain during sessions. (*Id.*) Accordingly, the ALJ concluded that while Hodge's medically determinable impairments could "reasonably be expected to cause the alleged symptoms," Hodge's statements "concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent" with the residual functional capacity assessment. (*Id.*)

Hodge counters that "[t]he ALJ fails . . . to point to the medical evidence or testimony that would support his contention," and in fact, there is medical evidence suggesting that her self-reports are credible. (Obj. at 1–5.) She cites portions of her treating records from Covenant HealthCare, Dr. Birjtender Singh, Jane Street Health Care, Saginaw Valley Neurosurgery. (*See id.* at 2–4.) These records reflect her self-reports of back and hip pain, and her October 2012 self-report that she could ambulate for about five minutes before developing "significant burning in her feet." (Tr. at 301.) To the extent Hodge has not waived this objection, as the Commissioner argues (Resp. to Obj. at 2 (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)), it does not persuade.

"There is no question that subjective complaints of a claimant can support a claim for disability, if there is also objective medical evidence of an underlying medical condition in the record. . . . Nevertheless, an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475–76 (6th Cir. 2003). "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

It is true that there are some medical records—largely consisting of Hodge's self-reports of pain—that support Hodge's testimony regarding her pain. However, it is also clear that the ALJ considered these records in reaching the conclusion that Hodge had severe impairments of the lumbar spine and obesity. (Tr. at 24.) In doing so, she credited the symptomology that Hodge reported to these healthcare providers; specifically, that Hodge had "reported chronic low back pain, lumbar muscle spasms, numbness of the bilateral hips, and radiculopathy of the bilateral

lower extremities." (Tr. at 23.) Given the records, the ALJ concluded that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" (Tr. at 23.)

The issue was the severity of pain Hodge reported as compared to her self-reported level of activity during the alleged disability period. Specifically, the ALJ pointed out that Hodge had been able to perform part time work as a telephone representative, regularly performed a "wide range of activities of daily living" as a single mother to three children, and was suspected to exaggerate her pain by her physical therapy providers. (*Id.*) Plaintiff does little to confront this evidence in her objections. In fact, as the Magistrate Judge pointed out, these assertions by the ALJ are supported in the record. For example, Dr. Singh Birjitender's treatment notes indicated that Hodge's reported low back tenderness was "out of proportion to clinical findings." (Tr. at 181.) Hodge also reported, in a visit to the emergency room, that her pain had flared up while standing on a couch hanging curtains. (Tr. 253.) While this could support a conclusion that Hodge could not perform such activities, her attempt could also support the ALJ's determination that she was able to engage in a range of daily activities despite her pain. Finally, during a March 26, 2012 physical therapy session, Hodge was able to perform forty minutes of standing exercises despite reporting she could only stand for fifteen minutes at a time. (Tr. at 270.)

Moreover, while Hodge points to parts of the records that reflect her statements regarding her pain, other medical records contradict those statements. Near the beginning of the disability period, the emergency department physician who examined her shortly after the fall which started her pain problems stated there were "no fractures" of the spine and Hodge's x-rays were "unremarkable." (Tr. at 229.) A few weeks later, while Hodge was "still complaining of left chest wall pain" and had "what appears to be a contusion," there were "no other significant

symptoms except for some lingering back pain from the same fall." (Tr. at 235.) And later, though Hodge continued to report pain, the record continues to support the ALJ's assessment. For example, a September 9, 2012 Emergency Department report reflected a "normal" back exam with "normal gait" despite Hodge's reports of muscle pain primarily in the right leg. (Tr. 332–33.) An October 22, 2012 electromyogram report found no "electrodiagnostic evidence to suggest lumbrosacral radiculopathy, myopathy, or peripheral neuropathy or any significant peripheral neuropathy." (Tr. at 308.) A November 6, 2012 examination found that Hodge could "undergo exercise testing and/or participate in [an] exercise program." (Tr. 326.)

Accordingly, the Court will overrule Hodge's objection to the ALJ's credibility assessment.

**B. Hypothetical**

Hodge next objects to the use of hypothetical questions which she says have no "substantial evidentiary basis[.]" (Obj. at 6.) Specifically, she argues that the ALJ should have included and relied upon hypothetical restrictions that "[the hypothetical claimant] was absent from work two or more days a month on a continuing and ongoing basis" and that the hypothetical claimant would be off task over 10% of the time. (*Id.* (citing Tr. at 72).) When Hodge's attorney asked this question of the VE at the hearing, the VE responded that such a restriction would preclude all of the jobs she had listed in response to the ALJ's hypothetical questions. (Tr. at 72.)

"Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a "hypothetical" question, but only if the question accurately portrays [plaintiff's] individual physical and mental impairments." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). It follows that "[a]n improper hypothetical question

7

cannot serve as substantial evidence under § 405(g), and can result in a remand or reversal." *Benton v. Comm'r of Soc. Sec.*, 511 F. Supp. 2d 842, 849 (E.D. Mich. 2007). "However, a hypothetical need not include a comprehensive list of a claimant's medical conditions." *Brantley v. Comm'r of Soc. Sec.*, No. 15-5309, 2016 WL 362408, at *9 (6th Cir. Jan. 29, 2016) (citing *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir.2004)). And when the ALJ formulates hypothetical questions, she "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Hodge does not identify the evidence she believes supports a restriction of being absent from work two or more days a month on an ongoing basis or being off task more than 10% of the time. Assuming she refers to her pain levels, the Court has already found that substantial evidence supported the ALJ's conclusion that Hodge's self-reports of pain were not credible to the extent they were inconsistent with the RFC assessment. Accordingly, the ALJ was not required to incorporate those restrictions into her hypothetical questions.

For these reasons, the Court will overrule Hodge's second objection.

**IV. CONCLUSION**

For the reasons set forth above, the Court ADOPTS the Report and Recommendation (Dkt. 12), DENIES Plaintiff's Motion for Summary Judgment (Dkt. 10), and GRANTS Defendant's Motion for Summary Judgment (Dkt. 11).

IT IS FURTHER ORDERED that the remaining motion pending from before the case was transferred, Plaintiff's Motion for Substitution of Attorney (Dkt. 14), is DENIED AS MOOT.

SO ORDERED.

        s/Laurie J. Michelson
        LAURIE J. MICHELSON
        UNITED STATES DISTRICT JUDGE

Dated:  March 11, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 11, 2016.

        s/Jane Johnson
        Case Manager to
        Honorable Laurie J. Michelson